UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY M., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:24-CV-1183 SRW |
| LELAND DUDEK,<br>Acting Commissioner of Social Security Administration, | ) ) ) ) ) |
|     Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Mary M.'s Application for Award of Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 22. On February 19, 2025, this Court reversed the Commissioner's decision and remanded Plaintiff's case for further proceedings. Within Plaintiff's Application, she seeks attorney's fees in the amount of $2,407.00 for a total of 11.6 hours of attorney work at an hourly rate of $207.50. *See* ECF No. 22. On March 28, 2025, the Commissioner filed a response stating, "Defendant has no objection to Plaintiff's request for attorney fees under the EAJA in the amount of $2,407.00." ECF No. 23.

The Court has reviewed Plaintiff's Application for Attorney's Fees pursuant to the EAJA, and concludes the statutory requirements are met. By Order and Judgment of Remand dated February 19, 2025, the Court remanded this case to Defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 20, 21. A claimant seeking judicial review of a final decision denying Social Security disability benefits may

recover attorney's fees if he or she receives a "sentence four" remand. *See Shalala v. Schaefer*, 509 U.S. 292, 295-96 (1993).

Attorney's fees may not be awarded in excess of $125.00 per hour – the maximum statutory rate under § 2412(d)(2)(A) – unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). However, the hourly rate should be increased where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as the Consumer Price Index. *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990). In this case, Plaintiff has presented uncontested evidence of an increase in the cost of living. ECF No. 22-3. The Court agrees with Plaintiff that a cost-of-living increase is appropriate.

As Plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds Plaintiff is entitled to the fee amount of $2,407.00. The Court will make the fee payable to Plaintiff as the litigant. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) (holding EAJA fees are payable to the prevailing party and may be subject to offset to satisfy any pre-existing debt owed to the United States); *see also Johnson v. Colvin*, No. 4:11-CV-1599 AGF, 2013 WL 5567711, at *1 (E.D. Mo. Oct. 9, 2013) ("The Court understands *Ratliff* to require that the EAJA award be made directly to Plaintiff."); *Madison v. Astrue*, No. 4:11-CV-238-TIA, 2012 WL 2919135, at *1 (E.D. Mo. July 17, 2012) (providing award of attorney's fees directly to the plaintiff despite the execution of an assignment agreement).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Mary M.'s Application for Award of Attorney's Fees pursuant to the Equal Access to Justice Act [ECF No. 22] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security Administration shall pay attorney's fees under the Equal Access to Justice Act in the amount of $2,407.00.

**IT IS FURTHER ORDERED** that the award of attorney's fees shall be made payable to Plaintiff Mary M., subject to any pre-existing debt which the Plaintiff owes the United States, and the check should be mailed to Plaintiff's counsel, Jeffrey J. Bunten, LLC, 36 Four Seasons Ctr., Suite 340, Chesterfield, Missouri 63017.

So Ordered this 14th day of April, 2025.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE